# UNITED STATES District Court

# For the Southern District of New York

*2025-cv-02031*

Lucio Celli v Pres Trump,

EMERGENCY MOTION FOR STAY OF PROCEEDINGS

**PRIOR TO ISSUANCE OF ANY ORDER IN CASE NO. 24-cv-97443**

Pursuant to **Federal Rule of Appellate Procedure 8(a)(2)** and the Court's **inherent authority**, Plaintiff-Appellant **Lucio Celli**, proceeding *pro se*, respectfully moves for an **immediate stay of proceedings** in this appeal and the underlying case before any further judicial order is issued. This motion is based on documented **judicial misconduct**, **evidence suppression**, **conflict of interest**, and **criminal manipulation of the appellate record** involving court personnel and politically connected third parties, specifically **Randi Weingarten** and **Clerk Wolfe**.

Please Take Notice, Wolfe and Livingston are at the center of depriving me of HIV meds for Schumer and Randi

---

ADDITIONAL GROUNDS FOR STAY

*1. Misuse of Public Office and Political Retaliation* — Kelly v. United States

The Supreme Court in *Kelly v. United States*, 140 S. Ct. 1565 (2020), reaffirmed that it is unlawful for public officials to abuse government mechanisms for political retribution or personal advantage. Here, Appellant alleges that **Randi Weingarten**—a politically connected figure—leveraged her influence to orchestrate adverse rulings and suppress employment rights, health care access, and wages.

This aligns with *Kelly*, where the Court held that **deceptive conduct, even when not directly monetary, can amount to fraud** if it commandeers government power for partisan ends. The present case involves **Wolfe, Weingarten, and complicit judges** using court authority and record control to retaliate and protect politically favored actors.

*2. Clerk Wolfe's Retaliatory Accusation of "Criminal Conduct" Against Appellant*

Appellant was **threatened and maligned by Clerk Wolfe**, who stated that it was "criminal conduct" for the Plaintiff to submit a **brief and oral argument** that **accurately relied on the July 21, 2021 sentencing date**—even though the **district court manipulated the record to make it appear that sentencing occurred on March 8, 2022**.

This type of **retaliatory intimidation by a clerk of court**, in defense of transcript tampering and concealment, violates fundamental fairness. It is not "misconduct" to present accurate argumentation; it is a constitutional right. Yet Wolfe reversed the moral framework to **shield misconduct by judicial insiders and create a chilling effect on protected appellate advocacy**.

See *United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988) (reversal warranted where transcript manipulation and obstruction impaired right to appeal).
See *Napue v. Illinois*, 360 U.S. 264, 269 (1959) (government's knowing presentation or concealment of false evidence violates due process).
See also *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) (even the **appearance of bias or influence** undermines judicial integrity and mandates recusal or corrective action).

---

## REQUESTED RELIEF

For these reasons, Plaintiff-Appellant respectfully requests that this Honorable Court:

1. **Stay all proceedings** in Case No. 24-cv-97443 at both district and appellate levels,
2. **Bar issuance of any new order** while financial and procedural misconduct is under review,
3. **Preserve appellate rights** and the original July 21, 2021 sentencing date as controlling,
4. Refer Clerk Wolfe's conduct for **disciplinary review**, and
5. Grant any such further relief as may be just and proper in the interest of constitutional integrity and due process.

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]