UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*2025-cv-2031*

Lucio Celli,

Plaintiff,

v.

Pres Trump,

Defendants.


**MOTION FOR RECONSIDERATION PURSUANT TO THE ALL WRITS ACT AND FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

Plaintiff respectfully moves this Court to reconsider its prior ruling [insert ECF No. or date] pursuant to **Federal Rule of Civil Procedure 59(e)** and the **All Writs Act, 28 U.S.C. § 1651**, in light of the controlling principles articulated by the United States Supreme Court in *United States v. New York Telephone Co.*, 434 U.S. 159 (1977). I understand that Your Honor believes that my filing is frivolous based on the case cited, but  frivolous has no basis in law and evening if this case is controlling, Your Honor could decide to simply deny for Your Honor could fix it later, which I have read this as well.

## I. INTRODUCTION

In *New York Telephone*, the Supreme Court upheld a district court's authority under the All Writs Act to compel a regulated utility to assist federal investigators in executing a valid surveillance order, even though the utility was not a party and had not engaged in wrongdoing. The Court reasoned that where a third party is "in a position to frustrate the implementation of a court order," a district court may lawfully compel minimal assistance to effectuate its jurisdiction. 434 U.S. at 174.

Here, Plaintiff respectfully asserts that similar judicial authority exists to prevent third parties—including government actors and regulated institutions—from frustrating this Court's prior orders or from impeding the proper administration of justice.

## II. LEGAL STANDARD

Reconsideration is warranted where "the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Under the All Writs Act, courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

## III. ARGUMENT

*A. The Court Has Authority Under the All Writs Act to Compel Assistance from Third Parties*

As in *New York Telephone*, where a non-party utility company's refusal to cooperate would have frustrated the government's lawful use of pen registers, Plaintiff alleges that [insert actor, e.g., "the New York City Department of Education"] has obstructed this Court's jurisdiction by [insert conduct—e.g., withholding documents, denying health insurance, etc.]. In such circumstances, the All Writs Act empowers the Court to compel limited cooperation. See *New York Tel.*, 434 U.S. at 172–74.

*B. The Assistance Sought is Minimal and Essential to the Exercise of Jurisdiction*

In *New York Telephone*, the utility was ordered to provide "leased lines" for covert surveillance—a technical task well within its public obligations. The Supreme Court emphasized that "the assistance requested requires no extraordinary expenditure of time or effort" and was reimbursable. Id. at 175. Likewise, here, Plaintiff seeks [insert specific relief, e.g., clarification of insurance administrator, production of CBA, enforcement of court notice]—actions that are routine, factual, and not unduly burdensome.

*C. Denial of Relief Would Permit Frustration of Judicial Orders and Due Process*

Failure to compel this limited assistance risks undermining the integrity of these proceedings and the enforcement of the Court's jurisdiction. The Supreme Court warned against permitting third parties to "thwart a judicial determination that [action] is required to apprehend and prosecute successfully" misconduct. Id. at 178.

### D. Rebuttal Argument for Reconsideration:

Respectfully, while this Court cites the rule that one district court cannot stay proceedings in another district as a matter of routine case management (see *Sedaker Group*, supra), the **All Writs Act (28 U.S.C. § 1651(a)) provides an exception to that general rule**. As the

Supreme Court held in *United States v. New York Telephone Co.*, 434 U.S. 159 (1977), courts may issue orders binding upon nonparties—and in effect beyond their immediate jurisdiction—where necessary to protect their lawful orders or prevent frustration of justice.

Moreover, multiple circuit courts recognize that **when a parallel proceeding threatens to undermine a court's jurisdiction or constitutional rights at issue**, limited intervention or coordination may be warranted under *exceptional circumstances*. See, e.g., *FTC v. Dean Foods Co.*, 384 U.S. 597, 608–09 (1966) (All Writs Act used to preserve the integrity of appellate review); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004).

Therefore, Plaintiff does not seek to improperly usurp the jurisdiction of another court, but rather invokes this Court's **ancillary and protective authority** to prevent irreparable harm and preserve the integrity of judicial proceedings across districts where issues, evidence, and constitutional violations are intertwined.

The following were all denied, which all deal with Judge Engelmayer's order, constitutional rights, and so –Judge Lehrburger is prevent frustrate of justice

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court reconsider its prior ruling and exercise its discretion under the All Writs Act and Rule 59(e) to ensure enforcement of its jurisdiction and prevent obstruction by third parties.

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

Case 1:25-cv-02031-JPC    Document 17    Filed 05/08/25    Page 4 of 4