

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**PHILIP FRANK**
*Assistant Corporation Counsel*
Phone: (212) 356-0886
pfrank@law.nyc.gov

May 9, 2025

**Via ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street, Room 250
New York, New York 10007

      Re:    Lucio Celli v. Trump, et. al., 25-CV-02031 (JMF)

Dear Judge Furman:

      I am the Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, assigned to represent Defendant New York City Department of Education ("DOE") in the above-referenced action. I write to respectfully request an extension of time to respond to the Complaint.

      The reason for the requested extension is to allow Defendant DOE additional time to investigate the allegations in the Complaint and to draft and file a motion to dismiss.

      As background, the rambling, 180-page Complaint alleges, in essence, that Plaintiff, a former DOE teacher, was denied due process in his N.Y. Education Law §3020-a disciplinary proceedings, resulting in his termination. Plaintiff, proceeding *pro se*, commenced this action on March 11, 2025, after having previously commenced another case, which is currently pending in this Court, Celli v. New York City, et al., No. 24-CV-9743 (JPC) (RWL), and which contains nearly identical allegations and claims as the case at bar. Plaintiff initiated the instant case with a "Petition for Writ of Mandamus, Writ of Prohibition, and Emergency Relief" seeking to stay all proceedings in the other, related case.

      On May 7, 2021, Plaintiff also pleaded guilty to one count of transmitting threats to injure, in violation of 18 U.S.C. §875(c), in relation to two other lawsuits he had previously filed in the Eastern District of New York ("E.D.N.Y."), regarding his employment with the DOE. See Sentencing Memorandum by USA dated July 13, 2025, United States v. Celli, No. 19-cr-127, ECF No. 175 at 1-2 (E.D.N.Y. July 20, 2021) (the "Sentencing Memorandum"). As a result of his guilty plea, Plaintiff was sentenced to time served, plus two years of supervised release. See Judgement

in a Criminal Case dated July 2021, No. 19-cr-127, ECF No. 178. According to the Sentencing Memorandum, on November 12, 2018, Plaintiff sent multiple emails to the Honorable Margo K. Brodie and the Honorable Brian M. Cogan, United States District Judges for the E.D.N.Y., threatening to kill them. See Sentencing Memorandum at 1. Plaintiff had "sent these threats to kill Judge Brodie and Judge Cogan because he disagreed with their unfavorable rulings in two civil lawsuits:" Celli v. New York City Department of Education, et al., No. 15 Civ. 3679 (BMC) (E.D.N.Y. June 24, 2015) and Combier v. Portelos, et al., No. 17 Civ. 2239 (MKB) (E.D.N.Y. Apr. 13, 2017). Id. at 2.

Following Plaintiff's criminal conviction, the DOE issued the disciplinary charges against Plaintiff, which led to the termination. And following his criminal conviction and sentencing, Plaintiff filed several additional civil suits related to his conviction and N.Y. Education Law §3020-a disciplinary proceeding. See e.g. Celli v. N.Y. Dep't of Educ., 2022 U.S. Dist. LEXIS 444, 2022 WL 19696 (S.D.N.Y. Jan. 3, 2022) (dismissing "rambling and disjointed" complaint); Celli v. N.Y. Dep't of Educ., 2022 U.S. Dist. LEXIS 18086 (S.D.N.Y. Feb. 1, 2022) (denying motions for recusal and motions under Rules 59(e) and 60(b) of the FRCP); Celli v. Weingarten, 2022 U.S. Dist. LEXIS 17087, at *4 (D.D.C. Jan. 31, 2022) (dismissing "meandering and difficult to follow" complaint); Celli v. Perez, 2022 U.S. Dist. LEXIS 57713 (S.D.N.Y. Mar. 29, 2022) (dismissing complaint and warning Plaintiff regarding duplicative filings); Celli v. Engelmayer, 2023 U.S. Dist. LEXIS 53157 (E.D.N.Y. Mar. 28, 2023). In these actions, which have been dismissed, Plaintiff raised substantially similar allegations to those in the instant matter.

Defendant also notes that in Celli v. Engelmayer, 2023 U.S. Dist. LEXIS 53157 at *12, Plaintiff was "warned that the future filing of repetitive, vexatious and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking in forma pauperis status without leave of the Court."

The extension of time, therefore, will enable Defendant DOE to draft and serve its motion to dismiss the Complaint. By email dated May 8, 2025, Defendant requested whether Plaintiff consents to the instant request for an extension of time. To date, however, Plaintiff has not responded. This is Defendants' first request for an extension, and the requested extension will not impact any other deadlines.

Accordingly, Defendant respectfully requests that the Court grant a 60-day extension of time, from May 13, 2025 until July 12, 2025, to respond to the Complaint.

Defendant thanks the Court for its consideration of this request.

Respectfully submitted,

_____
Philip S. Frank
Assistant Corporation Counsel