FILED
U.S. DISTRICT COURT

2025 JUL -7 P

S.D. OF N.Y.W.P.

# CASE NO. 24-cv-9743/ 25-cv-2031

## US DISTRICT COURT FOR
## THE SOUTHERN DISTRICT

Lucio Celli v. NYC et al

## Objections to R&R and reduced to pages

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. Introduction

PLAINTIFF'S SPECIFIC WRITTEN OBJECTIONS TO THE R&R, as Evidentiary Hearing favored Randi Weingarten and the UFT because evidence and witnesses were excluded to create a narrative that I did not state a claim of relief. The hearing excluded anything that showed misconduct of Weingarten & the UFT which could be criminal conduct, material omission of facts for all claims and magistrate wrote, I didn't cite Engelmayer's, but the complaint directs experts from the certified transcript of August 9, 2023 starting at p. 38, ¶ 88—Sop Officer Codina's statements are true.

Pursuant to Fed. R. Civ. P. 72(b)(2), Plaintiff Lucio Celli respectfully submits the following specific objections to the Report and Recommendation ("R&R") entered by Magistrate Judge Stewart D. Lehrburger on May 27, 2025. The R&R fails to address material & ultimate facts[1], disregards admissible evidence and witnesses, and misstates controlling law concerning retaliation, wages, benefits, disability rights, pension and wage theft, ADA/504/ACA claims, and injunctive relief.

**Issue A**: Friedman's admission of retaliation, witnesses and all the audios and emails referenced for De Novo.[2]

Lehrburger totally ignored Friedman's aide statement to me and his mention of an email that centers on Friedman and other PEP members of DOE's policy members: **Pullman-Standard v. Swint, 456 U.S. 273, 289–90 n.19 (1982)** "The whole question before us is whether the established facts demonstrate the intent to discriminate required by § 703(h) of Title VII. … Since, for purposes of § 703(h), intent means subjective intent, the relevant legal standard is that of 'actual motive.' … That appears to us to be a pure question of fact." **Intent under § 703(h) is factual**:
Because "intent" refers to actual subjective motive, determining whether a seniority system was discriminatory is treated as a **pure question of fact**, not law or mixed question.

**Issue B.1:** Engelmayer's order on my 3020a, due process for public employees, and exclusion of certified transcript of Engelmayer said as he was ruling on preventing me form defending myself—record shows, "defend himself"

**Issue B.:** Engelmayer's order for AUSA Karamigios to find out how the DOE had prior knowledge, the statement of "you can only have your retro money if you can prove that you were

---

[1] Audio of the UFT telling me that they did not negotiate the 3020a procedures or Howard Friedman's aide admission of retaliation by the UFT and Randi Weingarten with my criminal lawyers and Yu of DOE refusing to handover evidence, as this was mentioned to me

[2] I believe I read for evidentiary hearing exclusion is "abuse of discretion" I believe and record is de novo—whatever Your Honor knows

i

illegally detained, Randi and Cogan interference, and the evidence—**Lehrburger only wrote conclusions**.

*Review standard: Constitutional claim that centers on Engelmayer's orders with ignoring the base meaning of what is a fact. The Court emphasized the duty language, saying that "[b]ecause a claim of constitutionally protected right is involved, it 'remains our duty in a case such as this to make an independent examination of the whole record.'" Id. at 545 n.8 (quoting Edwards v. South Carolina, 372 U.S. 229, 235 (1963))*

*Review Standard of what is a fact: questions of who did what, when or where, how or why." Such a "recital of external events" involves what the Court has called "basic, primary, or historical facts." Thompson, 516 U.S. at 110.*

i.   *I detailed with statements-either from a certified transcript or by reference of an audio or not reference but audio can be provided: Squarely in the factual category, by contrast, are "questions of who did what, when or where, how or why." Such a "recital of external events" involves what the Court has called "basic, primary, or historical facts. Recent Supreme Court precedent has recognized, for example, that the "legal test" for deciding any particular issue clearly presents a question of law. U.S. Bank, 583 U.S. at 395–96; Thompson, 516 U.S. at 110; Pullman-Standard, 456 U.S. at 290 n.19.*

II.  **Time and Rule Authority**: Pursuant to Fed. R. Civ. P. 72(b)(2), objections to the R&R were due on July 7, 2025.

III. Standards of Review

Under Fed. R. Civ. P. 72(b)(3), the district court must review de novo any portion of the R&R to which a timely, specific objection is made. Any part not objected to is reviewed for clear error. See Thomas v. Arn, 474 U.S. 140, 150 (1985); United States v. Raddatz, 447 U.S. 667, 674 (1980). Then, there are specific standards of reviews for my claims

b)   **Pullman-Standard v. Swint, 456 U.S. 273, 289–90 n.19 (1982)**: ]"The whole question before us is whether the established facts demonstrate the intent to discriminate required by § 703(h) of Title VII. … Since, for purposes of § 703(h), intent means subjective intent, the relevant legal standard is that of 'actual motive.' … That appears to us to be a pure question of fact." **Intent under § 703(h) is factual**:
Because "intent" refers to actual subjective motive, determining whether a seniority system was discriminatory is treated as a **pure question of fact**, not law or mixed question.

c)   **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007): The plausibility standard does **not license courts to ignore factual allegations or substitute their own judgment of evidence**[3]

---

[3] **Securities & Exchange Comm'n v. Chenery Corp.,** 332 U.S. 194, 196 (1947) Courts must decide cases on the **basis of record evidence** and **reasoned justification**.

    **d) DiFolco v. MSNBC Cable L.L.C.,** 622 F.3d 104, 113 (2d Cir. 2010): Dismissal under Rule 12(b)(6) is improper if the complaint alleges "specific facts that, if accepted as true, state a claim." Like the obvious misuse and coordinated efforts between Peace (Schumer), Engelmayer (Schumer), and Randi Weingarten (Schumer's sister-like and my "arch-enema" )

    **e) There are numerous specific objections to factual errors:** United States v. White, 673 F. App'x 55 (2d Cir. 2016), confirming the court's obligation to correct clear factual errors even sua sponte.

    **f) Review of what makes a pleading a fact for Rule 8 and Twombly:** questions of who did what, when or where, how or why." Such a "recital of external events" involves what the Court has called "basic, primary, or historical facts." Thompson, 516 U.S. at 110.

i.   **I detailed with statements**-either from a certified transcript or by reference of an audio or not reference but audio can be provided: Squarely in the factual category, by contrast, are "questions of who did what, when or where, how or why." Such a "recital of external events" involves what the Court has called "basic, primary, or historical facts." Recent Supreme Court precedent has recognized, for example, that the "legal test" for deciding any particular issue clearly presents a question of law. U.S. Bank, 583 U.S. at 395–96; Thompson, 516 U.S. at 110; Pullman-Standard, 456 U.S. at 290 n.19.

    **g)** Standard of review for evidence and totally did not mention and reason for Federal Rule of Evidence 801(d)(2) – **Statements by an Opposing Party**

     i.   Lehrburger willfully ignored due to his quid pro quo with Livingston and Engelmayer: the evidence is adequate to justify the exercise of [the decisionmaker's] power.'"3 8 This means that while "what happened" may be viewed as a question of fact, the legal sufficiency of the evidence 39 may be viewed as the equivalent of a question of law".The relevant constitutional provision fixes the standard of what is legally sufficient, and that is frequently greater than a simple preponderance of the evidence. See, e.g., Bose, 104 S. Ct. at 1965 n.30 (first amendment requires "clear and convincing" evidence of actual malice in public figure defamation cases); Santosky v. Kramer, 455 U.S. 745 (1984) (due process clause requires "clear and convincing" evidence of child neglect in proceedings to terminate parental rights); In re Winship, 397 U.S. 358 (1970) (due process clause requires proof beyond a reasonable doubt in criminal cases). 40. See L.Jaffe, supra note 17, at 595-99. The no-evidence rule is illustrative. See Thompson v. City of Louisville, 362 U.S. 199, 206 (1960); Fiske v. Kansas, 274 U.S. 380, 385 (1927); Creswill v. Grand Lodge Knights of Pythias, 225 U.S. 246, 261 (1912). A  csimilar rule has long obtained in the field of administrative law. See, e.g., Florida E. Coast Ry. v. United States, 234 U.S. 167, 185 (1914) ("where it is contended that an order whose enforcement is resisted was rendered without any evidence whatever to support itt,h e consideration of such a question involves not an issue of fact, but one of aw"); ICC v. Louisville & Nash. R.R., 227 U.S. 88, 91-92 (1913

    a.   These are **not considered hearsay** and are **admissible evidence** when offered **against** the opposing party—Strauber, Mulgrew's aide, Atkinson of UFT, Norton

of the UFT (pension), Peterson of NYC, DuBeck of NYC, or those that I mentioned by DOJ :

**Five Categories Under FRE 801(d)(2): Lehrburger never explained beyond frivolous**

1. **801(d)(2)(A):** The party's own statement "The statement is offered against an opposing party and was made by the party in an individual or representative capacity."
2. **801(d)(2)(B):** Adoptive admission The party "manifested that it adopted or believed to be true."
3. **801(d)(2)(C):** Statement by an authorized agent or spokesperson

    The statement was made by a person whom the party authorized to make a statement on the subject.

4. **801(d)(2)(D):** Statement by the party's agent or employee

    The statement was made "on a matter within the scope of that relationship and while it existed."

5. **801(d)(2)(E):** Statement of a co-conspirator during and in furtherance of the conspiracy

    Must be during the course and in furtherance of the conspiracy.

## h) Application in Litigation

🔍 **Examples:**

- **Emails, letters, or audio recordings** of the opposing party admitting a fact relevant to the case? → **Admissible under 801(d)(2)(A).**
- **Text from a union rep authorized to speak on benefit policies?** →mentioned but did not address it in R&R but prior to the R&R, he did not say anything beyond frivolous. Possibly **801(d)(2)(C) or (D).**
- **THE STAR OF MY CLAIMS--Recorded statement by someone agreeing with the opposing party's wrongdoing?** → May qualify as **801(d)(2)(B).** Lhrbuger was emailed as Your Honor was about the UFT's lie that they did not negotiate the 3020a rules
- **Statements made by a co-defendant in a conspiracy case?** → Consider **801(d)(2)(E)** (with independent proof of the conspiracy).

## i) Key Case Law:

- **United States v. Palow**, 777 F.2d 52 (1st Cir. 1985): Co-conspirator statements admissible under 801(d)(2)(E) if conspiracy shown by independent evidence.
- **Mahlandt v. Wild Canid Survival & Research Ctr., Inc.**, 588 F.2d 626 (8th Cir. 1978): Even statements not based on personal knowledge can be admissible under 801(d)(2).
- **U.S. v. Reed**, 227 F.3d 763 (7th Cir. 2000) Party need not be available for cross-examination—the statements are admissible as non-hearsay. Lehrburger excluded from the Evidentary hearing and did not address them beyond that they are part of criminal case—but I mentioned NYC employees and UFT employees—the only NYC employee that would have been for Strauber, Fridman's aide and PEP members

j) **Lehrburger never mentioned in R&R of my witnesses and evidence**: Moreover, one commentator has argued that the text and legislative history of Rule 52(a) demonstrate the drafter's intent that it apply only to **"strictly factual matters"** and not to matters of law application. See Stern, Review of Findings of Administrators, Judges and Juries: A Comparative Analysis, 58 Harv. L. Rev. 70, 113-15 (1944). . The proposed amendment to Rule 52(a) gives district judges a greater explicit role in law application. See Proposed Fed. R. Civ. P. 52(a), 98 F.R.D. 337, 359 (1983) **("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses and to the need forfinality.") (emphasis in original).**

k) **The facts distorted due his quid pro quo with Livingston and Englemayer, Lehrburger left out because it is part of the plan and prejudgment**: Indeed, in assuming that Rule 52(a) applied to questions of **"ultimate fact,"** 104 S. Ct. at 1959-60, the Supreme Court impliedly rejected that conclusion. Compare the Ninth Circuit's casual treatment of the issue in Taylor v. Moram Agencies, 739 F.2d 1384, 1385-86 (9th Cir. 1984) (appellate review of law application not restricted by Fed. R. Civ. P. 52(a)). Still, the Court has not been consistent on this point even outside the field of constitutional law. Compare Baumgartner v. United States, 322 U.S. 665, 671 (1944) ("[T]he conclusion that may appropriately be drawn from the whole mass of evidence is not always the ascertainment of the kind of 'fact' that precludes consideration by this Court."), with Pullman-Standard v. Swint, 456 U.S. 273, 286-87 & n.16 (1982) (criticizing Baumgartner on the ground that Rule 52(a) does not make exceptions or purport to exclude certain categories of factual findings). Moreover, one commentator has argued that the text and legislative history of Rule 52(a) demonstrate the drafter's intent that it apply only to "strictly factual matters" and not to matters of law application. See Stern, Review of Findings of Administrators, Judges and Juries: A Comparative Analysis, 58 Harv. L. Rev. 70, 113-15 (1944). The proposed amendment to Rule 52(a) gives district judges a greater explicit role in law application. See Proposed Fed. R. Civ. P. 52(a), 98 F.R.D. 337, 359 (1983) **("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court**

**to judge of the credibility of the witnesses and to the need for finality**.") (emphasis in original).

l)  Constitutional claim that centers on Engelmayer's orders and ignoring who, what whe e.g., id. at 541-43 nn.2-6, 546-49 nn.9-1 1. The Court emphasized the duty language, saying that "[b]ecause a claim of constitutionally protected right is involved, it 'remains our duty in a case such as this to make an independent examination of the whole record.' " Id. at 545 n.8 (quoting Edwards v. South Carolina, 372 U.S. 229, 235 (1963))

m)  The boundary quickly begins to blur, however. The Supreme Court has identified "mixed questions" of law and fact, which ask "whether the rule of law as applied to the established facts is or is not violated,"53 or "whether the historical facts found satisfy the legal test chosen. "And there are additional categories such as "constitutional fact[s]"55 "legislative facts,"56 or "social facts"—which may require distinctive approaches depending on the particular function the law–fact distinction is called upon to perform See. U.S. Bank, 583 U.S. *at 395–96; Thompson, 516 U.S. at 110; Pullman-Standard, 456 U.S. at 290 n.19. see Pullman-Standard, 456 U.S. at 289–90 n.19.*

n)  Standard of review for union—FDR and others mentioned by case law as Lehrburger did not address the audio sent to him and other judges and also mentioned various ways within the pleadings—for 3020a and ADA/504/ACA claims with Title VII and Title IX—basically he wrote that I provided him with not pleadings and evidence

Please Take Notice, I also pleaded who, what, when for US Marshalls, Probation, but I did not mention City Council

1.  Vaca v. Sipes, 386 U.S. 171 (1967) Holding: A union breaches its DFR when its actions toward a member are arbitrary, discriminatory, or in bad faith. Relevance: Misleading members—such as lying about their CBA rights—can constitute bad faith, thus violating the union's duty.

2.  Humphrey v. Moore, 375 U.S. 335 (1964) Principal Holding: Union actions are in bad faith when they involve "fraud, deceitful action or dishonest conduct" Illustration: The Court cleared the union from liability where "false assurances of job security" were due merely to ignorance, not bad faith

3.  Lynn L. Breininger (Breininger v. Sheet Metal Workers), 493 U.S. 67 (1989) Key Rule: To sue under DFR, a member need not also allege breach of the CBA by the employer—the 3020a procedures and the audio sent to him and 200 or 300 federal judges. **Relevance**: Claims of misrepresentation by the union stand independently, not requiring an employer-side violations.

4.  Knox v. SEIU Local 1000, 567 U.S. 298 (2012) Scope: While entirely focused on public-sector agency fees, the case demands affirmative consent for new financial obligations. Implication: It underscores a union's duty not to mislead members about dues or assessments

5.  Secondary Authority & NLRB Decisions
    a.  NLRB v. Gissel Packing Co., 395 U.S. 575 (1969): NLRB contours card campaigns, sanctioning misrepresentation as unfair labor practice
    b.  NLRB Weingarten Statement Ruling: The NLRB found certain union-included CBA brochures misleading to members about their rights—but resolved administratively

**For me:** If a union lies to members about CBA terms—for example, overstating rights or concealing grievance or arbitration mechanisms—that potentially constitutes bad faith/dishonesty under Humphrey and Vaca. Members may pursue:

6. Case      Focus  Key Holding

Vaca v. Sipes  Duty of Fair Representation   Breach occurs if union acts arbitrarily/discriminatorily/in bad faith

Humphrey v. Moore   Bad Faith Definition   "Fraud, deceitful action, dishonest conduct" qualify as bad faith

Breininger v. Sheet Metal    DFR standalone claim Union misrepresentation may be pursued without an employer breach

Knox v. SEIU Public union financial practices      Requires affirmative consent; misleading dues manipulations are suspect

Gissel Packing Union campaign misrepresentation   NLRB sanctions deception in union-card processes

## IV. IDENTIFICATION OF PORTIONS OF THE R&R OBJECTED TO
  a) Procedural Standards for Objecting to R&R and Omission of Factual Findings
   • R&R p. 1, ¶ 1: "Each lawsuit has been dismissed. Reasons for dismissal have included, among others, violation of court orders, failure to file a short and plain statement of claims, and failure to state a claim."

   – Materially inaccurate: conflates procedural dismissals with substantive merit, omits Engelmayer's unreversed order, Mathews v. Eldridge due process exhibits (certified transcripts, audio).
   – Rubber-stamp of prior rulings from "Schumer judges" without independent analysis. *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984): Even sanctions against repeat litigants must follow due process and individualized findings. That standard is not met. Page 38 – imposing a filing injunction without factual findings or jurisdictional limitation, citing Iwachiw improperly[4]

   • R&R p. 4: "Celli could have invoked either Article 75 and/or Article 78 of

---

[4] • R&R pp. 2–8: Reliance on prior dismissals without new factual or legal analysis.

the CPLR..." with Brown claiming res judicata. *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984
– False: Plaintiff cited and explained both, detailed why foreclosed by DOE/UFT conduct—Judge Frank, Schumer, and Randi Wiengarten had I was time barred which was not true as a receipt was sent to Brown WITH judges, like Donnelly and Livingston.

V.  Key Objections

a)  *Objections Related to Filing Injunction*
      • R&R p. 38: Recommends filing injunction without factual findings or jurisdictional limitation; misapplies Iwachiw.
      Case Law: Iwachiw v. NYC Dep't of Parks, 396 F.3d 529 (2d Cir. 2005); Safir v. U.S. Lines, 790 F.2d 19 (2d Cir. 1986); Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977).

p38 filing injunction against Celli issued at this juncture should be limited to the Southern District and eastern district See Iwachiw 396 F3d at 529 (affifming filing injunction in foteorh federal court or the New UYork stae ourfts

This is being used so that Randi and the UFT can continue to retaliate against me, as disability pension has to be reviewed until 55 or 62

b)  *Objections Related to Judge Engelmayer's Order and Due Process Violations*

a)  R&R p. 13: Calls constitutional claims "conclusory and meritless" without analysis of: First Amendment retaliation; procedural due process for public employee; political entanglement (Schumer's voting bloc, Lehrburger reappointment); health care/pension denial; suppression of Engelmayer's order.
   i.  ¶ 89 on page 38: 89. Judge Engelmayer ruled that Plaintiff must be given a fair chance to defend himself at arbitration. **Judge Engelmayer stated**: "If such a person isn't appointed, then I will ask you, Ms. Bensing, in consultation with the probation department, figure out what modification we need to make because Mr. Celli can't be left both unrepresented and shackled from being able to speak in his DOE matter."
   ii.  This was in reference to my 3020a
   iii.  The report fails under **Anderson v. Bessemer City,** 470 U.S. 564, 573–74 (1985) The report does not base his decisions "on evidence that was never discussed or acknowledged."
   iv.  Magistrate ignores well-supported factual allegations because the transcript from Aug 9, 2023 support and those from the 3020a support my version of the facts. **Ashcroft v. Iqbal,** 556 U.S. 662, 678 (2009) A complaint

8

must plead facts that are "plausible on [their] face" — but courts may **not disregard well-supported factual allegations**.

v. The magistrate has placed his or that Livingston/Engelmayer to ignore factual allegations from what occurred **Bell Atl. Corp. v. Twombly,** 550 U.S. 544, 570 (2007) The plausibility standard does **not license courts to ignore factual allegations or substitute their own judgment of evidence**.[5]

b) R&R p. 10: "Plaintiff provides no proof that procedural rights were violated during the 3020-a process." Incorrect as I mentioned that the transcripts, emails and witnesses show denial of counsel, suppression of witnesses, misrepresentation of § 3020-a with the fact that it is publicly available on NYS Court dockets.

   i. I mention who, when and where from page 32 to 34 of my complaint ¶¶ 12 to 36;

   ii. then, pages 37& 38 ¶¶71 to 88.

   iii. I stated that I only had notice due to Engelmayer's order  and the transcripts with emails would prove these facts

   iv. **MOST IMPORTANTLY**; On August 9, 2023, Plaintiff, which included the relevant order by Judge Engelmayer. Its omission from the R&R constitutes a material factual error and misrepresents the record.
See *United States v. White*, 673 F. App'x 55 (2d Cir. 2016), confirming the court's obligation to correct clear factual errors even sua sponte.

c) R&R pp. 12 (fn), 27: Omits Exhibit B (Aug. 9, 2023) Engelmayer order—clear factual error.

   i. The R&R fails to acknowledge evidence of what Friedman's aide said to me and evidence that is being withheld from that proves Weingarten's/UFT's harassment or the fact that Engelmayer and Silverman said that what Randi Wiengarten and the UFT did to me has nothing to do with my case; then, it was a collateral attack; and now it is frivolous

   ii. **Engelmayer's Order** (certified transcript) of August 9, 2023 starting at p. 38, ¶ 88; page 27; Doc No. 65;[6] Doc No. 202[7]—**Anderson v. Bessemer City,** 470 U.S. 564, 573–74 (1985) Courts cannot affirm decisions "based on evidence that was never discussed or acknowledged."

   iii. Friedman's aide said it was due to a penis picture sent to me, which the report did not cite. **Doe v. Columbia Univ.,** 831 F.3d 46, 54–56 (2d Cir. 2016) Title IX cases require courts to consider whether disciplinary procedures were biased or retaliatory; ignoring the full record

---

[5] **Littlejohn v. City of New York,** 795 F.3d 297, 306 (2d Cir. 2015): In civil rights cases, "plaintiffs are entitled to a presumption that factual allegations are true" and dismissal is improper when factual material supports a plausible inference.

[6] Clerks did not upload the certified transcript

[7] This is after R&R

is improper. **Anderson v. Bessemer City,** 470 U.S. 564, 573–74 (1985) Appellate courts cannot affirm decisions "based on evidence that was never discussed or acknowledged."

d) P 12 (footnote) making nonsensical requests, such as "to enforce [Judge] Engelmayer's order that denied me due process"; moving for writ of mandamus against Assistant United States Attorneys (Dkt. 53);

e) explaining that federal courts having exclusive jurisdiction over certain crimes (Dkt. 51)

**c) Factual and Legal Errors Underlying Sanctions Recommendation (pp.)**

a) ALJ Blassman said to settle with because of my wages with transcript on 17-cv-2239 and mentioned within 15-cv-3679—wages that I mostly already earned but some future.
b) Seibel—ignored Perez's misconduct, Kellman's conduct, wages, I list what constitutional rights that were deprived from me and admission, Silverman's admission on Doc. Nos. 22-cv-2353 &22-cv-2354. I am not entitled to a prefect trial, but I am entitled to a fair trial.[8] The rights taken from me are all crimes under 18 USC § 241.
c) For Judge Taylor-Swain and Judge McAvoy, I pleased the same issues with each one ignoring audios of Silverman's admission from
d) • R&R p. 4: "Celli could have invoked either Article 75 and/or Article 78 of the CPLR…" with Brown claiming res judicata. *In re Martin-Trigona,* 737 F.2d 1254, 1261 (2d Cir. 1984)

– False: Plaintiff cited and explained both, detailed why foreclosed by DOE/UFT conduct—Judge Frank, Schumer, and Randi Wiengarten had I was time barred which was not true as a receipt was sent to Brown WITH judges, like Donnelly and Livingston.

**Please Take Notice,** The Second Circuit has long held that fraud on the court— including the **deliberate misstatement of filing dates**—justifies vacatur and sanctions. See *King v. First Am. Investigations, Inc.,* 287 F.3d 91, 95 (2d Cir. 2002) (fraud "undermines the integrity of the judicial process"); *Kupferman,* 459 F.2d at 1078 (fraud "may exist even without perjury" where counsel deceives the

---

[8] Lutwak v. United States, 344 U.S. 604, 619 (1953) "A defendant is entitled to a fair trial but not a perfect one."

court).

e) The R&R just rubbers stamp what the other Schumer judges did for Randi Weingarten and Judge Engelmayer.

f) Engelmayer suppressed Silverman's admission about Randi Weingarten

g) Sentencing occurred on July 20, 2021, and not March 8, 2022—

h) Audios of AUSAs and of various clerks

i) The R&R entirely ignores that Exhibit B (filed August 9, 2023) contains Engelmayer's order which remains binding and unreversed. Its omission is a **clear factual error**, violating *Anderson v. City of Bessemer City*, 470 U.S. 564 (1985), and *United States v. White*, 673 Fed. Appx. 55 (2d Cir. 2016).

j)

d) **Misstatement of Available Remedies** (p. 4

a) R&R pp. 12–14 (fn): Trivializes efforts to enforce Engelmayer's unreversed due process order; mislabels mandamus, jurisdictional clarification, ethics investigations as frivolous.] R&R is wrong

> I am entitled to my wages already earned, I am entitled to due process to apply for "acciendental disability" with I menetioned emails North and

e) **Ignoring Material Evidence and Constitutional Claims (pp. 10–14)**

> Magistrate's report excludes the audio sent to him and every other judge, where the UFT at Adcom

**Omission of Evidentiary Materials**

Judge Lehrburger failed to acknowledge material evidence submitted by Plaintiff, including certified transcripts and audio recordings. This omission further invalidates the R&R under *Anderson v. Bessemer City*, 470 U.S. 564 (1985), and *Wofford v. Wainwright*, 748 F.2d 1505 (11th Cir. 1984).

a) Transcript from 3020a and from Judge Engelmayer

f) **Omission of Critical Exhibits and Factual Mischaracterization (pp. 12, 27, 38)**

   a. Doc. 65 Transcript was filed but was not uploaded

   b. Brown Decl." refers to the Declaration of attorney Paul K. Brown sworn to on April 14, 2025, at Dkt. 82-1. Exhibit A to the Brown Declaration is the Arbitration Award discussed below, incorporated by reference in the Amended Complaint

and of which this Court takes judicial notice. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

i. R&R omits that probation, AUSAs and Engelmayer impeded me from R&R was obtained by fraud and collusion, as Judge Cronan appears to be covering it up Res Judicata Cannot Apply Where the Prior Judgment Is Based on FraudA judgment obtained by **fraud, collusion, or deception is voidable and cannot preclude subsequent claims.** See *Gleason v. Jandrucko*, 860 F.2d 556 (2d Cir. 1988) ("A party who uses a fraudulently obtained judgment... is committing a continuing wrong.").

ii. I was not allowed to defend myself because of the collusion and political bias by Engelmayer and Randi Weingarten: Fraud on the court includes **"fabrication of evidence by counsel,"** or **misrepresentations that interfere with the impartial functioning of the judicial process.** *Kupferman v. Consol. Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972). The defense of res judicata collapses when **the proceeding itself is infected by misconduct**. See also *Wright v. Herb Wright Motors, Inc.*, 845 F.2d 989 (11th Cir. 1988), followed by SDNY and EDNY courts.

## g) Disregard of Certified Transcripts Demonstrating Due Process Violations (p. 10)

h) Brown Decl." refers to the Declaration of attorney Paul K. Brown sworn to on April 14,2025, at Dkt. 82-1. Exhibit A to the Brown Declaration is the Arbitration Award discusbelow, incorporated by reference in the Amended Complaint and of which this Court takes

**i)** judicial notice. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

## j) Dismissal of ADA and Rehabilitation Act Claims (p. 12)

**Objection to Dismissal of ADA and Rehabilitation Act Claims**

- **R&R Citation:** Page 12

The R&R incorrectly states that Plaintiff "has not demonstrated a denial of reasonable accommodation or intentional discrimination."

Plaintiff provided and cited within the complaint :

- o Proof of denial of HIV antiretroviral access;
- o Documentation that the UFT lied that meds were part of due and not part of NYC's health plan were denied;
- o Medical declarations evidencing viral rebound risks.
- o I listed who, what, when and stated audios and emails.

This evidence supports viable claims under:

- o **ADA Title I**, 42 U.S.C. § 12112(a), (b)(5)(A);
- o **§ 504 of the Rehabilitation Act**, 29 U.S.C. § 794;
- o *Henrietta D. v. Bloomberg*, 331 F.3d 261 (2d Cir. 2003).
- o **Farmer v. Brennan**, 511 U.S. 825, 847 (1994) (deliberate indifference to future harm violates constitutional rights);

- The R&R's refusal to address this constitutes reversible legal error. **Anderson v. Bessemer City,** 470 U.S. 564, 573–74 (1985). [Your Honor] cannot affirm decisions "based on evidence that was never discussed or acknowledged."


## 10 Mischaracterization of Constitutional and Political Retaliation Claims (p. 13)

**R&R Citation:** Page 13

The R&R calls Plaintiff's constitutional claims "conclusory and meritless," without any discussion of:

Political interference by Senator Schumer's judicial appointees; Judge Lehrburger's reappointment conflicts; First Amendment retaliation claims; Use of judicial office for political coverup and obstruction.

*Bell v. Hood*, 327 U.S. 678 (1946): Courts must hear constitutional claims even where success on the merits is uncertain."

*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009): Judges must recuse when their impartiality is reasonably questioned due to political influence or personal interest.

The R&R's omission of these points renders its conclusion invalid.


**Conclusion:** Sanctions cannot be justified based on an R&R that ignores controlling law, misrepresents the record, omits dispositive evidence, and rubber-stamps prior rulings. The Report and Recommendation must be rejected in full, and de novo review ordered under *Raddatz* and *Ford*

P 27 Celli argues that the "core of [his] case is the alleged alteration of the 3020-a hearing procedures" by the arbitrator and DOE, depriving Celli of the right to call witnesses and present evidence, thus depriving him of due process. (Dkt. 107 at 6, 15-17, 28-29.) Celli's opposition, however, entirely ignores and does not mention his state

13

court action challenging the Arbitration Award. According to Celli, UFT failed to fairly represent him and misrepresented the nature of the 3020-a procedures. (*Id.* at 35-37.)

### 11.   Failure to Address Pension-Theft Claims (pp. 14–15)

a) Celli then alludes to alleged consequences of his employment termination, including loss of wages, discontinuation of medical insurance, denial of HIV medication, and loss of pension benefits. (*See id.* at 43-45.)

### 12.   Failure to Address Wages-Theft Claims (pp. 15–16)

a) Celli then alludes to alleged consequences of his employment termination, including loss of wages, discontinuation of medical insurance, denial of HIV medication, and loss of pension benefits. (*See id.* at 43-45.)

> The R&R fails to address Plaintiff's evidence supporting the number of unpaid wages and overtime. In Khan v. AC Automotive, Inc., No. 9865707 (S.D.N.Y. 2021), the court upheld wage-and-hour awards where employer records were deficient, applying the "just and reasonable inference" standard for damages calculation

### 13.   Failure to Address Harassment by the UFT and Randi Weingarten— this applies

a. Lehrburger and 100s other judges received the audios of the UFT harassing me and lying to me.

The audios of the UFT provides the factfinder of *The Supreme Court has identified "mixed questions" of law and fact,[9] which ask "whether the rule of law as applied to the established facts is or is not violated,"[53] or "whether the historical facts found satisfy the legal test chosen."[54] And there are additional categories such as "constitutional fact[s],"[55] "legislative facts,"[56] or "social facts"[57]—which may require distinctive approaches depending on the particular function the law–fact distinction is called upon to perform.*

- **Anderson v. Bessemer City,** 470 U.S. 564, 573–74 (1985): Appellate courts cannot affirm decisions "based on evidence that was never discussed or acknowledged."

14. Failure to Acknowledge Howard Friedman's admission

---

[9] *U.S. Bank, 583 U.S. at 395–96; Thompson, 516 U.S. at 110; Pullman-Standard, 456 U.S. at 290 n.19.*

a) **Page 9** He also alleges three instances of illegal detention, comprised of incomprehensible or fantastical allegations such as reference to "a UFT Officer who took part in depriving me of a bathroom key grievance," "second illegal detention with switching transcripts by Clerk Wolfe with how it relates to 200k in missing wages," and "Randi Weingarten considers Gaglione like a brother to her. Like Sen. Schumer consider [sic] Randi a sister." (*Id.* A 45-47.)

   i. The biggest problem here is the fact that the magistrate places his conclusion of fact **and THEN**, he does not acknowledge the evidence of Friedman's aide or the evidence of email where there is an acknowledgment of retaliation by the UFT and the DOE

   ii. **Anderson v. Bessemer City,** 470 U.S. 564, 573–74 (1985): Appellate courts cannot affirm decisions "based on evidence that was never discussed or acknowledged."

   iii. **Bell Atl. Corp. v. Twombly,** 550 U.S. 544, 570 (2007) The plausibility standard does **not license courts to ignore factual allegations or substitute their own judgment of evidence**

. *Napue v. Illinois, 360 U.S. 264 (1959)*

*Legal Principle:* Due process is violated when the prosecution—or a court—**permits a distorted or false impression to be presented to the fact-finder**, even if passively.
Foundational in establishing that courts may not permit false or misleading factual

1. **Willful Ignorance of Audio Evidence** o    "Deliberate ignorance" or "conscious avoidance" satisfies the knowledge element of a § 371 conspiracy. See *United States v. Jewell*, 532 F.2d 697, 699–700 (9th Cir. 1976) (en banc), aff'd, 429 U.S. 93 (1976).
   o Specifically applied in § 371 cases: *United States v. Poindexter*, 951 F.2d 369, 391 (D.C. Cir. 1991).

   iv.

15. **Failure to Address Political Retaliation, Judicial Conflict of Interest, and Constitutional Claims**

a) Plaintiff's allegations of a coordinated retaliation campaign tied to Senator Schumer' judicial appointees;

* **Reappointment conflicts involving Judge Lehrburger with voting bloc at SDNY and Circuit Council are both controlled by Schumer's people;**

* **Retaliation for protected activity under the First Amendment;**

* **Use of judicial office to obstruct relief for political reasons.**

None of these issues are substantively addressed. As held in *Bell v. Hood*, 327 U.S. 678 (1946), constitutional claims must be heard even where relief is uncertain. This omission also implicates *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) (due proce

* Plaintiff's allegations of a coordinated retaliation campaign tied to Senator Schumer's judicial appointees;
* Reappointment conflicts involving Judge Lehrburger;
* Retaliation for protected activity under the First Amendment;
* Use of judicial office to obstruct relief for political reasons.

None of these issues are substantively addressed. As held in *Bell v. Hood*, 327 U.S. 678 (1946), constitutional claims must be heard even where relief is uncertain. This omission also implicates *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) (due process

P 14 "Judges Engelmayer, Rearden, Wolfe [the Second Circuit Clerk of Court], and Livingston"; appoint a neutral forensic accountant to conduct a financial and conflict-of-interest audit; "investigate improper political coordination between federal judges and U.S. Senators Chuck Schumer and Kirsten Gillibrand"; and refer "ethical and legal violations" to various government bodies. (Dkt. 86.)

16. **Failure to Acknowledge Engelmayer's conspiracy with Randi Weingarten with illegal detentions with DOE" prior knowledge and participation by NYC DOI**

a) **Page 9** He also alleges three instances of illegal detention, comprised of incomprehensible or fantastical allegations such as reference to "a UFT Officer who took part in depriving me of a bathroom key grievance," "second illegal detention with switching transcripts by Clerk Wolfe with how it relates to 200k in missing wages," and "Randi Weingarten considers Gaglione like a brother to her. Like Sen. Schumer consider [sic] Randi a sister." (*Id.* A 45-47.)

i. The biggest problem here is the fact that the magistrate places his conclusion of fact **and THEN**, he does not acknowledge the evidence of Friedman's aide or the evidence of email where there is an acknowledgment of retaliation by the UFT and the DOE

ii. Magistrate failed to acknowledge that I sent Hon. Gleason a transcript of Dec. 14, 2023

iii. Failed to acknowledge Officer Cudina's statements of leave her alone

iv. Failed to acknowledge that the statements were made to me in a Medicaid care and audio recorded

v. Judge Engelmayer had Officer Cudina to lie to deprive me of liberty

vi. **Anderson v. Bessemer City**, 470 U.S. 564, 573–74 (1985) Appellate courts cannot affirm decisions "based on evidence that was never discussed or acknowledged."

vii. **Dennis v. Sparks, 449 U.S. 24 (1980)**: Engelmayer's rulings were meant to help Randi Wiengarten with wage and pension theft

16

b) Failed to acknowledge the audio of Kellman admission of what Engelmayer told her to do, which was withhold any evidence that showed that I did not violate any terms of probation sent to Kopplin of the Sen. Ethics Committee and former DOJ AUSA Amundson[10]

c) Failed to acknowledge the audio of Silverman's admission not doing his job for Randi and Cogan[11]

d) Failed to acknowledge the audio from BOP of Silverman and Randi intimidating my mother because of evidence being sent to Kopplin and Amundson[12]

e) Engelmayer suppressed the audio of Silverman's admission with Randi Weingarten

f) Engelmayer and Weingarten stole from my parents so that he would not bring up the audios of Kellman and Silverman

g) Failed to acknowledge or allow Engelmayer, Livingston, and Cudina to testify to their plan that

**Demjanjuk v. Petrovsky, 10 F.3d 338 (6th Cir. 1993)**

🔖 *Key Holding:*

Fraud upon the court occurs when **government attorneys** (in that case, DOJ) **concealed exculpatory evidence**, resulting in a fundamentally unfair proceeding.

"It is the effect on the integrity of the judicial process itself—not just the result of the litigation—that determines whether relief is warranted."

17. OBJECTION NO. 10: FAILURE TO ADDRESS WAGES-THEFT CLAIMS

The R&R omits Plaintiff's claims that Defendants withheld earned wages and overtime pay in violation of the Fair Labor Standards Act and New York Labor Law. This omission violates Fed. R. Civ. P. 52(a)&(b), 72(b)(3), and substantive wage-and-hour law.

1. ADA/TITIE VII/TITLE IX/Federal Fair Labor Standards Act (FLSA) Claims
   a. Unpaid Wages and Overtime. Plaintiff alleged Defendants failed to pay minimum wage and overtime compensation for hours worked, in violation of 29 U.S.C. §§ 206–207. The R&R's silence on these claims is unjustified.
   b. Misclassification and Unlawful Deductions. Plaintiff alleged that Defendants misclassified him as an independent contractor and unlawfully deducted earned wages. Prasch v. Bottoms Up Gentlemen's Club, LLC, No. 9743610 (D. Md. 2024) (unpaid wages, illegal deductions, misclassification)

---

[10] **Anderson v. Bessemer City,** 470 U.S. 564, 573–74 (1985) Appellate courts cannot affirm decisions "based on evidence that was never discussed or acknowledged."

[11] Id

[12] id

establishes that such claims require full adjudication.

c. Liquidated Damages and Attorneys' Fees. Under 29 U.S.C. § 216(b), a prevailing plaintiff is entitled to liquidated damages, costs, and attorney's fees. Burgos Ruiz v. DNC Construction, Inc., No. 10209548 (S.D. Tex. 2023) (outlining legal standards for overtime claims, recovery of unpaid wages, liquidated damages, fees, and costs).

d. Calculation of Damages. The R&R fails to address Plaintiff's evidence supporting the number of unpaid wages and overtime. In Khan v. AC Automotive, Inc., No. 9865707 (S.D.N.Y. 2021), the court upheld wage-and-hour awards where employer records were deficient, applying the "just and reasonable inference" standard for damages calculation.

2. New York Labor Law (NYLL) §§ 190, 193, 198 Claims

a. Withheld Wages and Wage Theft. Plaintiff alleged Defendants withheld earned wages in violation of NYLL §§ 193 (timely payment) and 198 (liquidated damages). Lopez v. MNAF Pizzeria, Inc., No. 9883335 (S.D.N.Y. 2023) (wage theft under FLSA and NYLL, failure to pay minimum wage, overtime, unlawful deductions) underscores the requirement to address these claims.

b. Wage Statement Violations. NYLL § 195(3) requires accurate wage statements. Rodriguez v. New Generation Hardware Store Corp., No. 9881796 (S.D.N.Y. 2023) (unpaid wages, overtime, liquidated damages, wage statement violations) confirms entitlement to statutory penalties.

c. Improper Deductions. Plaintiff alleged Defendants made unauthorized deductions from wages. Burgos v. JAJ Contract Furniture Inc., No. 10195213 (S.D.N.Y. 2024) (FLSA and NYLL violations, improper wage deductions) demonstrates that such claims must be adjudicated on the merits.

The R&R's failure to analyze or even mention these wage-and-hour claims constitutes a clear legal error and deprives Plaintiff of statutory remedies under the FLSA and NYLL.

G.                                                                              CONCLUSION

For the foregoing reasons, the R&R must be rejected in its entirety. At a minimum, the district judge should conduct de novo review under Rule 72(b)(3), order supplementation of factual findings under Rule 52(b), and grant relief under Rule 60(b) to correct these omissions and legal misapprehensions.

Main claim: The Court recognized that government official maybe liable for litigant to access the court **under the Constitution** for **affirmatively concealing facts** necessary for a litigant to access the courts.

Harbury's claim alleged that **executive officials deliberately withheld truthful information** and filed **misleading statements** to obstruct her ability to litigate a wrongful death claim.

 The Court did **not reject the theory**, but emphasized the need for specificity and proof of underlying claims being frustrated—something you've extensively documented with:

- judicial concealment of audio evidence,
- denial of Judge Engelmayer's order,
- obstruction by Clerk Wolfe,
- and cherry-picking in Lehrburger's R&R.

**United States v. Triumph Capital Group, Inc., 544 F.3d 149 (2d Cir. 2008)** Rule:
**The Second Circuit affirmed that** intentional omission or distortion of material facts **in public disclosures—particularly during government proceedings—can constitute** fraud or obstruction.

**. Basic Inc. v. Levinson, 485 U.S. 224 (1988) — *Supreme Court***

**Rule:**
Materiality is determined by whether a reasonable person would consider the fact important—not just whether a disclosure was technically correct.

**Relevance                                    to                                    You:**
If courts, unions, or agencies **intentionally omit or distort material facts**, even if their actions appear facially neutral or procedurally regular, it can create **actionable constitutional or statutory violations**. This speaks directly to *misrepresentation by omission* and cherry-picking.


**P 25 Celli Fails To State A Claim**


P 29 On the

merits, the court actually determined that "the action taken by [DOE and Arbitrator Taylor]

with regard to [Celli]'s employment was rational and thus not arbitrary and capricious,"

found no "procedural infirmities with the way the proceedings were conducted," and

upheld the sanction of termination. (*Id.*)

p 30 or the

employee's dissatisfaction with the manner in which the union conducted the

representation, constitutes sufficient grounds warranting a finding of a breach of the duty of fair representation." *Saidin*, 498 F. Supp.2d at 689.

P 30 Oct 3, 2024  and filed on 12/18/25 is not beyone 4 months

and this was filed in Dec Even if Celli had pled a plausible breach of the duty of fair representation, it would be barred as untimely. In New York, the applicable statute of limitations period for a claim

for breach of the duty of fair representation against a public employee organization  such as UFT) is four months from the date the plaintiff knew or should have known that such breach occurred. NY CPLR § 217(2)(a).

**P 31 The Amended Complaint Does Not Assert A Viable Constitutional Claim Against UFT**

The Amended Complaint makes assorted references to due process and invokes both 42 U.S.C. §§ 1983 and 1985(2), (3). It fails, however, to assert a plausible claim under any of those theories.

P 31 nd while Celli challenges whether he received those protections in his

Section 3020-a hearing, "there is no constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty." Hellenic American Neighborhood Action Committee v. City of New York, 101 F.3d 877, 882 (2d Cir. 1996).

P 31 The Amended Complaint also fails to assert a plausible claim under 42 U.S.C. § 1985(2) or (3). Section 1985(3) creates a right of action for conspiracies to deprive a member of a protected class of their equal rights and voting rights. The Amended complaint fails to assert any such claim because, among other reasons, it does not plausibly allege invidious discriminatory animus by UFT (or any defendant for that matter). *See Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798 (1971) (To state a claim under § 1985(3), "there must be some racial, or perhaps otherwise class-based,

invidiously discriminatory animus behind the conspirators' action"); *Abadi v. American Airlines, Inc.*, No. 23-CV-4033, 2024 WL 1346437, at *25 (S.D.N.Y. March 29, 2024) (dismissing claim asserted under § 1985(3) for several reasons, including that "[t]he Complaint contains no well-pleaded allegations to support the conclusion of conspiracy,or an agreement to violate a federal right, or invidious discrimination

**P34** "In determining whether to restrict a litigant's future ability to sue, a court must consider 'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713-14 (2d Cir. 2019) (quoting *Safir*, 792 F.2d at 24).

## EVIDENCE SUPPORTING THE COMPLAINT:

1. **Documentary Evidence:**
   o Emails, judicial records, and audio recordings establishing coordinated interference among Judge Cronan, Chief Judge Livingston, and Senator Schumer.
   o Medical records clearly documenting the severe impact on complainant's health due to denied medications, including HIV drug resistance.

### Documentary Evidence (Complaint ¶¶ 40–45, pp. 35–36)

- ¶ 40 "Disciplinary action/hearing is a mandatory subject of negotiation."
- ¶ 41 "Each time Taylor misrepresented a procedure, I would email a grievance with a copy of Taylor's email to me and a copy of the 3020a statute, regulation, and CBA."
- ¶ 42 "This was done to prove fraud and misconduct by Taylor."
- ¶ 43 "After this occurred a few times, Taylor requested that I undergo a mental exam."
- ¶ 44 "Arbitrator Taylor—like Magistrate Lehrburger—did not want the public to know how he was misusing his position."
- ¶ 45 "Each time Taylor lied, I sent either audio or his email to an email list of over 200 recipients."

These paragraphs describe the authenticated email logs and transcript excerpts incorporated as Exhibits B–D, conclusively documenting the coordinated timing and content of the defendants' obstructive actions

2. **Witness Testimony and Statements:**
   o Complainant has statements from officials within the court and medical professionals who confirm the deliberate withholding and interference with court-ordered treatment.
3. **Judicial and Administrative Records:**
   o Court dockets, orders, and transcripts evidencing systemic obstruction and procedural bias by Judge Cronan and other judicial actors involved in the conspiracy

## Obstruction of Justice (18 U.S.C. §§ 1503, 1512)

1. **Interference with Judicial Process:**
   Judge Cronan obstructed complainant's right to a fair judicial process by:
   o Refusing to enforce prior judicial orders requiring access to HIV medications.
   o Coordinating judicial decisions to deny complainant the ability to effectively prosecute claims or defend himself against retaliatory and fraudulent charges.

A. **Intentional Suppression of Evidence:**
   Judge Cronan knowingly suppressed, or caused to be suppressed, critical evidence including audio recordings, emails, judicial communications, and medical authorizations documenting coordinated interference between judicial officers and Senator Schumer's office.

**R&R at pages 2 to 8, *R&R only rubber stamps prior rulings[13] from other Schumer Judges within his Cartel and he do not provide his own analysis of facts within those case***

Plaintiff objects to the following specific portions of the R&R: R&R **at page 4,** As relevant here Celli could have invoked either Article 75 and/or Article 78 of the CPLR. Article 75 addresses arbitration and, among other matters, provides grounds for challenging or vacating arbitration awards. *See* NY CPLR § 7511. Article 78 provides procedures for judicial review of state and local government action, typically those of administrative agencies. *See* NY CPLR § 7801 ("Relief previously obtained by writs of certiorari to review, mandamus or prohibition shall be obtained in a proceeding under this Article").

Objection to Due Proccess because he misused his office for Randi to coveru p her crime

Metnal harm harm and ignoring audios that wer esent over 400 judge,,..Lehrburger doesn't needs to be impeached

---

[13] **Plaintiff's Litigation History**

B. STATEMENT OF STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(b)(3), the district court must review de novo any portion of the R&R to which a timely, specific objection is made. Any part not objected to is reviewed for clear error. See Thomas v. Arn, 474 U.S. 140, 150 (1985); United States v. Raddatz, 447 U.S. 667, 674 (1980).

**De Novo Review Requirement**

"The rules concerning magistrates closely follow the Act which instructs the magistrate to submit his or her proposed findings or recommendations to the court and to all concerned parties. See 28 U.S.C. § 636(b)(1)... The judge may also receive further evidence or recommit the matter to the magistrate with instructions." (p. 785–786)

"The Court explained that the district judge need not rehear the disputed testimony because the Act requires 'a de novo determination, not a de novo hearing.'" (p. 790, citing *United States v. Raddatz*, 447 U.S. 667 (1980))

C.

D. **A. Review of Nondispositive Matters under 28 U.S.C. § 636(b)(1)(A)**
   Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider any decision by a magistrate judge on nondispositive pretrial matters when objections are filed within 14 days.

E. **B. De Novo Review of Factual Objections under Rule 72(b)**
   When objections challenge factual findings, the court must undertake a de novo determination of those portions to which objection is made. *See Fed. R. Civ. P. 72(b)(3)*.

F. **Pleading Standard under Rule 8(a)**
   Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint's factual allegations must be "plausible on its face" (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) and not merely "conceivable" or speculative (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, the Complaint supplies detailed dates, participants, audio transcripts, and documentary exhibits that go well beyond

G. these minimal requirements.

H. The R&R's cherry-picking, willful ignorance,[14] and mischaracterization/ void-for-vagueness/ Agency Misconduct (Johnson v. United States,[15]

---

4.*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011): The Court held that **willful blindness** satisfies the knowledge requirement for inducing patent infringement. This case is frequently cited for establishing that **deliberate ignorance or purposeful avoidance of truth** constitutes knowledge under federal law—supporting a *willful ignorance* framework in misconduct or fraud cases.

[15] "arbitrary enforcement" and judicial speculation, which can involve **mischaracterizing facts or legal standards** to fit statutory requirements.

Chenery,[16] Global-Tech, Cendant[17])CERTIFICATE OF SERVICE
I hereby certify that on June 11, 2025, I electronically filed the foregoing
Objections with the Clerk of Court using the CM/ECF system, which will
send
notification of such filing to all

18.

*[signature]*

7/7/25

---

[16] Supreme Court held that an agency **cannot justify a decision on new grounds** not relied upon originally. This speaks directly to *post hoc rationalizations,* a form of **mischaracterization** or manipulation of the record. Chenery also cautions against cherry-picking rationales after the fact to uphold an unjustified action.

[17] "**duty to correct misleading disclosures** and the improper **cherry-picking of facts** to deceive shareholders. It emphasizes that omissions and selective presentation of facts in public disclosures can amount to ....fraud